1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL WITKIN,                    No. 2:05-cv-1662-MCE-DAD

12            Plaintiff,

13        v.                            MEMORANDUM AND ORDER

14   COUNTY OF SACRAMENTO, THE
     SACRAMENTO COUNTY SHERIFF'S
15   DEPARTMENT, SHERIFF LOU
     BLANAS, THE CITY OF ELK GROVE
16   and SACRAMENTO COUNTY
     SHERIFF'S DEPUTY ROBERT BARNES
17   acting as an ELK GROVE POLICE
     OFFICER and DOES 1 through 25
18   inclusive,

19            Defendants.

20                        ----oo0oo----

21       This case arises from the events surrounding the arrest of

22   Plaintiff Michael Witkin ("Plaintiff") on August 21, 2004.

23   Plaintiff alleges that his constitutional rights were violated by

24   Defendants[1] during said arrest and now seeks recovery under 42

25   U.S.C. section 1983.

26   _____

27       [1]The Defendants in this matter include the County of
     Sacramento, the Sacramento County Sheriff's Department, Sheriff
28   Lou Blanas, the City of Elk Grove, and Sacramento County
     Sheriff's Deputy Robert Barnes.  Hereinafter all defendants will
     be referred to collectively as "Defendants".

1   Plaintiff additionally asserts state tort claims for false

2   imprisonment, false arrest, battery, and negligence.  This matter

3   is now before the Court on Defendants' Motion to Dismiss

4   Plaintiff's Complaint for failure to state a claim upon which

5   relief can be granted, pursuant to Federal Rules of Civil

6   Procedure 12(b)(6).[2]  Alternatively, Defendants move for

7   judgement on the pleadings pursuant to Rule 12(c).  As set forth

8   below, Defendants' Motion to Dismiss is granted in part and

9   denied in part.  Defendants' Motion for Judgment on the Pleadings

10  is denied.[3]

11

12                          **BACKGROUND[4]**

13

14      Plaintiff was arrested on August 21, 2004, for violation of

15  Penal Code section 69 and Penal Code section 243(b).  Penal Code

16  section 69 makes it a felony for a person to deter an officer, by

17  means of threat or violence, from performing any duty imposed

18  upon the officer by law, or to knowingly resist such officer in

19  the performance of his duty.

20

21  _____

22      [2]Unless otherwise stated, all further references to a "Rule"
    are to the Federal Rules of Civil Procedure.

23      [3]Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefing.  E.D.
24  Cal. Local Rule 78-230(h).

25      [4]The Court relies extensively on Plaintiff's Request for
    Judicial Notice in its recitation of the facts.  See MGIC Indem.
26  Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1984) (holding that
    a court may take judicial notice of matters of public records
27  without converting a motion to dismiss into a motion for summary
    judgment).  The Court additionally notes that Plaintiff's Request
28  for Judicial Notice is unopposed by Defendants.

                                  2

1   Penal Code section 243(b) prohibits battery on a peace officer.

2   Plaintiff was charged and convicted for the above crimes and is

3   currently serving his sentence in state prison.

4        The chain of events leading to Plaintiff's arrest originated

5   when Defendant Deputy Barnes observed Plaintiff commit an

6   undetermined traffic offense.  Deputy Barnes followed Plaintiff

7   until Plaintiff stopped his vehicle at a residence later

8   determined to be Plaintiff's home.  Immediately after Plaintiff

9   exited his vehicle, Deputy Barnes ordered Plaintiff to "stop".

10  Rather than comply with the directions of an officer in full

11  uniform who had just exited a marked patrol vehicle, Plaintiff

12  began to run.  A pursuit followed which led to a physical

13  confrontation between Plaintiff and Deputy Barnes.  Plaintiff

14  eventually broke away and, as he was fleeing, was shot multiple

15  times in the back and buttocks by Deputy Barnes.

16       Plaintiff alleges that Deputy Barnes used excessive force in

17  shooting Plaintiff and that the excessive force employed was

18  caused by deliberate indifference on the part of the Sacramento

19  County Sheriff's Department in the training of its officers.[5]  In

20  addition to his constitutional claims under 42 U.S.C. § 1983,

21  Plaintiff asserts state tort claims for false imprisonment, false

22  arrest, battery, and negligence.

23  ///

24  ///

25  ///

26

27       [5]Sacramento County provides a number of its sheriff's
    deputies to the City of Elk Grove pursuant to a law enforcement
28  services contract between the city and county.

3

**A.  Motion to Dismiss**

**STANDARD**

A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint either asserts a legal theory that is not cognizable as a matter of law or fails to allege facts to sufficiently support a cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). A court should not dismiss a complaint, however, for a party's failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957); see also Yamaguchi v. United States Dep't of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). In deciding a motion to dismiss, the court should take all allegations of material fact in the complaint as true and construed in the light most favorable to the plaintiff.  North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); see also Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). However, a court may take judicial notice of matters of public records "without converting a motion to dismiss into a motion for summary judgment."

4

1   MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1984).

2       If the court grants a motion to dismiss a complaint, it must

3   then decide whether to grant leave to amend.  The Court should

4   "freely give[]" leave to amend when there is no "undue delay, bad

5   faith[,] dilatory motive on the part of the movant, . . . undue

6   prejudice to the opposing party by virtue of . . . the amendment,

7   [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);

8   Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to

9   amend is only denied when it is clear that the deficiencies of

10  the complaint cannot be cured by amendment.  DeSoto v. Yellow

11  Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

12

13                              **ANALYSIS**

14

15      **1.   Plaintiff's claims for false arrest and false**
16           **imprisonment**

17      In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United

18  States Supreme Court held that:

19          when a state prisoner seeks damages in a section 1983
            suit, the district court must consider whether a judgment
20          in favor of the plaintiff would necessarily imply the
            invalidity of his conviction or sentence; if it would,
21          the complaint must be dismissed unless the plaintiff can
            demonstrate that the conviction or sentence has already
22          been invalidated.

23  Thus, in order to pursue a claim under 42 U.S.C. § 1983 that

24  would undermine a prior conviction, Plaintiff must prove that the

25  underlying conviction has been "reversed on direct appeal,

26  expunged by executive order, declared invalid by a state tribunal

27  . . ., or called into question by a federal court's issuance of a

28  writ of habeas corpus."  Heck, 512 U.S. at 486-477.

                                   5

Here, Plaintiff was convicted of battery on a peace officer and deterring a police officer from the performance of his duties. (Def.'s Req. Jud. Notice, Ex. A.)  Plaintiff has presented no evidence that either of these convictions has been reversed or invalidated.  Plaintiff nonetheless raises claims for false imprisonment and false arrest.[6]  A finding in Plaintiff's favor on either of these claims would necessarily challenge the validity of his prior convictions.  In light of the fact that neither conviction has been deemed invalid, both claims must fail under Heck.  See Cabrera v. City of Huntington Park, 159 F.3d 374 (9th Cir. 1998) (Section 1983 claim for false arrest and false imprisonment barred by Heck).

Faced with this authority, Plaintiff now acknowledges that his Third Cause of Action, alleging false arrest and false imprisonment, should be dismissed from the Complaint.  (Opp. 4:22-23).  Because the Court does not believe the deficiencies in Plaintiff's Third Cause of Action can be cured by amendment, that claim is dismissed with prejudice.

---

[6]It is unclear from the Complaint whether Plaintiff's false imprisonment and false arrest claims are asserted under state law or under 42 U.S.C. § 1983.  In either case, the Heck analysis remains the same.  See Heck, 512 U.S. at 486-487 (holding that a section 1983 Plaintiff is barred from recovering damages for "unconstitutional conviction or imprisonment" as well as "*for other harm* caused by actions whose unlawfulness would render a conviction or sentence invalid")(emphasis added); see also Hainze v. Richards, 207 F.3d 795 (holding that a section 1983 Plaintiff's state law claims for assault and battery were barred by Heck); Susag v. City of Lake Forest, 94 Cal.App.4th 1401, 1412-13, 115 Cal.Rptr.2d 269 (2002)(holding Heck applicable to section 1983 Plaintiff's state law claims for assault and false imprisonment).  Because Plaintiff does not specifically identify his claims for false imprisonment and false arrest as section 1983 claims, the Court treats them as tort claims under California law.

1        **2.   Plaintiff's claims for excessive force and deliberate**
         **indifference**

2

3        Defendants additionally contend that Plaintiff's First and

4   Second Causes of Action, alleging excessive force and deliberate

5   indifference respectively under § 1983, are also barred under

6   Heck.  Plaintiff, on the other hand, argues that these claims are

7   unrelated to the conduct for which he was convicted and,

8   therefore, should not be dismissed.  Specifically, Plaintiff

9   contends that a verdict in his favor on his excessive force and

10  deliberate indifference claims would not necessarily be

11  inconsistent with his prior conviction under Penal Code sections

12  69 and 243(b).  The Court agrees.

13      An excessive force claim is not barred by Heck if the

14  excessive force alleged was employed subsequent to the time that

15  the defendant engaged in the conduct that constituted the basis

16  for his conviction.  Smith v. City of Hemet, 394 F.3d 689, 693

17  (9th Cir. 1996).  A conviction based on conduct that occurred

18  before an officer commences the process of arrest is not

19  necessarily rendered invalid by the officer's subsequent use of

20  excessive force in making the arrest.  Id. at 696.  Here, it is

21  unclear whether Plaintiff's conviction was based solely on

22  conduct that occurred prior to his being shot by Deputy Barnes.

23  On the one hand, Plaintiff clearly violated Penal Code sections

24  69 and 243(b) before he was shot by Deputy Barnes.  He had

25  already fled from Deputy Barnes and engaged him in physical

26  confrontation.  (Pl.'s Req. Jud. Notice at 268-269; Compl. 3:10-

27  14.)

28  ///

1   On the other hand, there is at least an argument that Plaintiff
2   was still violating Penal Code section 69 (deterring or knowingly
3   resisting an officer, by means of threat or violence, from
4   performing duties imposed on him by law) at the time he was shot.

5       In any event, at this stage in the proceedings the Court
6   must interpret the facts in the light most favorable to the non-
7   moving party.  <u>North Star Int'l</u>, 720 F.2d at 580.  Thus, the
8   Court must presume that Plaintiff's underlying conviction was
9   based solely on conduct that occurred <u>before</u> Deputy Barnes shot
10  Plaintiff in the back.

11      Significantly, the manner in which Plaintiff's criminal
12  trial was conducted also reinforces this conclusion.  In closing
13  arguments at the trial, the Deputy District Attorney argued to
14  the jury that "[w]hether or not Officer Barnes [sic] shooting of
15  the defendant was justified is not the issue before you . .
16  .[a]ll the charged crime [sic] occurred before the shooting.  All
17  the charged crimes occurred before the shooting."  (Pl.'s Req.
18  Jud. Notice 269:18-26.)  The Deputy District Attorney further
19  stated that the shooting was "an issue [for] another day, another
20  court."  (<u>Id.</u> at 315:4-6.)  These statements strongly suggest
21  that Plaintiff was tried solely for conduct that occurred prior
22  to his being shot.

23      Furthermore, if Plaintiff's prior conviction was based on
24  his conduct at the time of the shooting, then the jury at his
25  criminal trial should have considered Plaintiff's claims of
26  excessive force.

27  ///
28  ///

8

1    See Smith, 394 F.3d at 695-696 (holding that, "if a police

2    officer uses excessive force at the time of an arrest, the arrest

3    is unlawful and the arrestee may not be convicted of

4    resisting")[7].  Yet, at Plaintiff's criminal trial, the Deputy

5    District Attorney instructed the jury that they were not to

6    consider whether excessive force was used.  (Pl.'s Req. Jud.

7    Notice 269:18-26.)  This is further evidence that Plaintiff was

8    tried solely for conduct that occurred prior to the time at which

9    he was shot.  Consequently, at this stage in the proceedings,

10   when all facts must be interpreted in the light most favorable to

11   the Plaintiff, the Court can not say that success on Plaintiff's

12   excessive force claim would be inconsistent with Plaintiff's

13   conviction under Penal Code sections 69 and 243(b).   Finally,

14   because Plaintiff's deliberate indifference claim against the

15   County of Sacramento, the Sacramento County Sheriff's Department,

16   Sheriff Lou Blanas, and the City of Elk Grove, for improper

17   training also relates to Deputy Barnes' decision to shoot

18   Plaintiff and not to the underlying conduct for which Plaintiff

19   was convicted, that claim also survives Heck.

20   ///

21   ///

22   ///

23   ///

24   —————————————————

25   [7] Smith involved Penal Code section 148(a)(1), which
     prohibits a person from "resist[ing], delay[ing], or
26   obstruct[ing] any public officer . . . in the discharge [of] any
     duty of his or her . . . employment."  While Penal Code section
27   148(a)(1) differs slightly from the statute in the instant case,
     Penal Code section 69, the Court believes the statutes are so
28   similar that any discrepancies in analysis would be
     inconsequential.

                                   9

1          **3.   Plaintiff's state tort claims for battery and negligence**

2

3          As with Plaintiff's constitutional claims, Plaintiff's

4   negligence claim rests solely on Deputy Barnes' decision to shoot

5   Plaintiff, and not on the underlying conduct for which Plaintiff

6   was convicted.   Consequently, Plaintiff's negligence claim

7   survives <u>Heck</u>.   Plaintiff's battery claim, on the other hand, is

8   premised on Deputy Barnes' "attacking and shooting" of Plaintiff.

9   (Compl.  5:22.)   In using the term "attacking," it is unclear

10  whether Plaintiff is referring to the discharge of Deputy Barnes'

11  firearm, the preceding physical confrontation with Deputy Barnes,

12  or both.   To the extent that Plaintiff's battery claim is based

13  on the physical confrontation, that portion of the claim is

14  barred by <u>Heck</u>.   In California, "the lawfulness of [an] officer's

15  conduct is an essential element of the offense of resisting,

16  delaying, or obstructing a peace officer."   <u>Smith</u>, 394 F.3d at

17  695.   Consequently, Plaintiff could not have been convicted for

18  conduct that occurred during the physical confrontation if Deputy

19  Barnes actions during that confrontation were unlawful.   Thus,

20  insofar as Plaintiff's battery claim rests on his physical

21  confrontation with Deputy Barnes, success by Plaintiff on that

22  claim would necessarily imply the invalidity of his prior

23  conviction.

24  ///

25  ///

26  ///

27  ///

28  ///

**B.  Motion for judgment on the pleadings**

     After the pleadings are closed, any party may move for
judgment on the pleadings pursuant to Federal Rule of Civil
Procedure 12(c).  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion
challenges the legal sufficiency of the opposing party's
pleadings and operates in much the same manner as a motion to
dismiss under Rule 12(b)(6).  <u>Irish Lesbian and Gay Org. v.
Giuliani</u>, 143 F.3d 638, 644 (2nd Cir. 1998).  The primary
distinction between a Rule 12(b)(6) motion and a motion for
judgment on the pleadings is one of timing.  Rule 12(b)(6)
motions are typically brought before the defendant files an
answer, while a motion for judgment on the pleadings can only be
brought after the pleadings are closed.  Fed. R. Civ. P. 12(c);
<u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999).
Here, Defendants have moved for judgment on the pleadings before
the pleadings have closed.[8]  Furthermore, Defendants say
absolutely nothing in their Reply Brief to controvert the
procedurally improper timing of their motion.  For these reasons,
Defendants' Motion for Judgement on the Pleadings is denied.

### CONCLUSION

     Based on the foregoing, Plaintiffs' third claim for relief,
alleging false imprisonment and false arrest, is dismissed with
prejudice.

---

     [8]Defendants have not yet filed an answer to Plaintiff's
Complaint.

In addition, Plaintiff's fourth claim for relief, alleging battery, is dismissed, insofar as it relates to Plaintiff's physical confrontation with Defendant Deputy Barnes. Defendants' Motion to Dismiss, as it relates to Plaintiff's remaining claims, is DENIED.  Defendants' Motion for Judgment on the Pleadings is DENIED.

         IT IS SO ORDERED.


DATED: March 8, 2006



                              _____
                              MORRISON C. ENGLAND, JR
                              UNITED STATES DISTRICT JUDGE

12