UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL WITKIN,                          No. 2:05-cv-01662-MCE-DAD

      Plaintiff,

    v.                                   MEMORANDUM AND ORDER

COUNTY OF SACRAMENTO, THE
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT, SHERIFF LOU
BLANAS, THE CITY OF ELK GROVE
and SACRAMENTO COUNTY
SHERIFF'S DEPUTY ROBERT BARNES
acting as an ELK GROVE POLICE
OFFICER and DOES 1 through 25,
inclusive,

      Defendants.

----oo0oo----

     This case arises from the events surrounding the arrest of

Plaintiff Michael Witkin ("Plaintiff") on August 21, 2004.

Plaintiff alleges that his constitutional rights were violated by

Defendants[1] during said arrest and now seeks recovery under 42

U.S.C. section 1983.

---

     [1] The Defendants in this matter include the County of
Sacramento, the Sacramento County Sheriff's Department, Sheriff
Lou Blanas, the City of Elk Grove, and Sacramento County
Sheriff's Deputy Robert Barnes.  Hereinafter all defendants will
be referred to collectively as "Defendants".

Plaintiff also asserts state tort claims for battery and negligence.  This matter is now before this Court on Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.[2]

**BACKGROUND**

In the early morning of August 21, 2004, Deputy Robert Barnes witnessed Plaintiff drive past him at a high rate of speed.  Deputy Barnes followed Plaintiff until Plaintiff pulled partially into the driveway of a residence that later turned out to be Plaintiff's home.  Defendants assert that Deputy Barnes yelled "stop, police" at Plaintiff.  According to Plaintiff, Deputy Barnes did not say anything to Plaintiff at that point and Plaintiff did not know he had been followed by a police officer.

Plaintiff then entered the residence and Deputy Barnes followed Plaintiff.  The two men struggled in the foyer of the residence.  According to Plaintiff, he did not see a police car pull up behind him and did not know Deputy Barnes was a police officer.  According to Defendants, the deputy tried to detain Plaintiff.  According to Plaintiff, the deputy did not try to detain him, but rather struck him in the head.

///

///

---

[2] Unless otherwise stated, all further references to a "Rule" are to the Federal Rules of Civil Procedure.

Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

1      A fight ensued and the two men rolled down two stairs and
2  landed on a carpeted landing area in the house.  The two men
3  continued to fight as Deputy Barnes attempted to gain control of
4  Plaintiff and stop him from getting away.

5      According to Defendants, Plaintiff ended up on top of Deputy
6  Barnes and began pulling on Barnes' radio and gun.  In addition,
7  Deputy Barnes claims he saw Plaintiff crouch and grab something
8  off the carpet.

9      According to Plaintiff, Plaintiff was able to break free of
10 the deputy and ran out of the house.  Plaintiff alleges that at
11 no time did he grab for Barnes' gun or radio nor did he grab
12 something off the carpet.

13     The struggle between Plaintiff and Deputy Barnes continued
14 into the front yard.  At some point, the two men separated.
15 Plaintiff recalls fleeing in an attempt to find safety from his
16 then-unknown assailant.  Deputy Barnes recalls seeing Plaintiff
17 crouch and look back over his shoulder at him.  Deputy Barnes
18 also recalls seeing Plaintiff reach toward his waist area and
19 thinking that Plaintiff was reaching for a weapon and was about
20 to deliver rounds in his direction and attempt to kill him.

21     Deputy Barnes drew his weapon and fired upon Plaintiff
22 hitting him three times in the back, hip, and buttocks.
23 Nonetheless, Plaintiff continued to run down the street.
24 Additional officers arrived at the scene and eventually
25 determined that Plaintiff returned to the residence where the
26 fight originally occurred.  Approximately two hours later,
27 Plaintiff exited the residence and was arrested.
28 ///

1    After a jury trial, Plaintiff was convicted of resisting
2 arrest through use of threats and violence under California Penal
3 Code section 69 and battery against a police officer under
4 California Penal Code section 243(b).[3]
5    Plaintiff brought this civil action alleging that Deputy
6 Barnes used excessive force in shooting Plaintiff and that the
7 excessive force employed was caused by deliberate indifference on
8 the part of the Sacramento County Sheriff's Department in the
9 training of its officers.[4]  In addition to his constitutional
10 claims under 42 U.S.C. § 1983, Plaintiff asserts state tort
11 claims for battery and negligence.  Defendants now move for
12 summary judgment on Plaintiff's claims.

13

14                        **STANDARD**

15

16    The Federal Rules of Civil Procedure provide for summary
17 judgment when "the pleadings, depositions, answers to
18 interrogatories, and admissions on file, together with
19 affidavits, if any, show that there is no genuine issue as to any
20 material fact and that the moving party is entitled to a judgment
21 as a matter of law."  Fed. R. Civ. P. 56(c).  One of the
22 principal purposes of Rule 56 is to dispose of factually
23 unsupported claims or defenses.  *Celotex Corp. v. Catrett*,
24 477 U.S. 317, 325 (1986).

25

26    [3] Unless otherwise stated, all further references to a
"Penal Code" are to the California Penal Code.

27    [4] Sacramento County provides a number of its sheriff's
28 deputies to the City of Elk Grove pursuant to a law enforcement
services contract between the city and county.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323 (quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52 (1986); *Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1987).

///

///

///

///

Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L. Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255.

**ANALYSIS**

1.  **Plaintiff's section 1983 claims are barred by *Heck*.**

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

1   Thus, in order to pursue a claim under 42 U.S.C. § 1983 that
2   would undermine a prior conviction, Plaintiff must prove that the
3   underlying conviction has been "reversed on direct appeal,
4   expunged by executive order, declared invalid by a state tribunal
5   . . ., or called into question by a federal court's issuance of a
6   writ of habeas corpus."  *Heck*, 512 U.S. at 486-477.

7        Here, Plaintiff was convicted of battery on a peace officer
8   and deterring a police officer from the performance of his
9   duties.  Plaintiff has presented no evidence that these
10  convictions has been reversed or invalidated. In fact, Witkin
11  appealed his conviction and that appeal was denied.

12       Defendants contend that Plaintiff's First and Second Causes
13  of Action, alleging excessive force and deliberate indifference
14  respectively under section 1983, are barred under *Heck* because a
15  verdict in Plaintiff's favor would necessarily imply the
16  invalidity of his criminal conviction which was upheld on appeal
17  and had not otherwise been rendered invalid.  Plaintiff argues
18  that his claims are unrelated to the conduct for which he was
19  convicted and, therefore, summary judgment is inappropriate.
20  Specifically, Plaintiff contends that a verdict in his favor on
21  his excessive force and deliberate indifference claims would not
22  necessarily be inconsistent with his prior conviction under Penal
23  Code sections 69 and 243(b).  The Court disagrees.
24  ///
25  ///
26  ///
27  ///
28  ///

1    Plaintiff relies primarily on the Ninth Circuit cases of

2  *Sanford v. Motts*, 258 F.3d 1117 (9th Cir. 2001), and *Smith v.*

3  *City of Hemet*, 394 F.3d 689 (9th Cir. 2005), for the proposition

4  that *Heck* does not necessarily bar a section 1983 action for

5  excessive force where the plaintiff was convicted of resisting

6  arrest if the excessive force was applied either prior or

7  subsequent to the arrest.[5]

8    In *Sanford*, the plaintiff brought an excessive force claim

9  against a police officer after she pled no lo contendere to

10  resisting, obstructing and delaying a peace officer in the

11  performance of his duties under Penal Code section 148(a)(1).

12  *Sanford*, 258 F.3d at 1118-19.  Because the court could not

13  ascertain the factual basis for the plea, and because there were

14  several accusations which would support a conviction under

15  section 148(a)(1), the court could not determine whether the

16  excessive force occurred prior to the arrest or subsequent

17  thereto.  Further, because excessive force applied subsequent to

18  the arrest would not render the arrest unlawful, the court found

19  that defendants had not met their burden to show that the

20  excessive force claims were barred by *Heck*.  *Id*. at 1119-20.

21  ///

22  ///

23

24    [5] *Sanford* and *Smith* both involved Penal Code section
148(a)(1), which prohibits a person from "resist[ing],
25  delay[ing], or obstruct[ing] any public officer . . . in the
discharge [of] any duty of his or her . . . employment."  Penal
26  Code section 69, the statute in the instant case, prohibits a
person from resisting, by use of force or violence, an officer in
27  the performance of his duty.  While the language of the two
sections differs slightly, the Court believes the statutes are so
28  similar that the analysis under *Heck* is the same.

1    *Smith* held that a conviction based on conduct that occurred
2    before an officer commences the process of arrest is not
3    necessarily rendered invalid by the officer's subsequent use of
4    excessive force in making the arrest.  *Id.* at 696.  In *Smith*, the
5    plaintiff pled guilty to resisting arrest under section
6    148(a)(1).  *Smith* also involved chain of events where several of
7    the defendants' acts provided a basis for the plaintiff's
8    conviction.  The court found that the plaintiff violated section
9    148(a)(1) several times before the arrest, as well as during the
10   course of the arrest.  *Smith*, 394 F.3d at 697.  As in *Sanford*,
11   the court found that nothing in the record informed them of the
12   factual basis of the guilty plea.  *Smith*, 394 F.3d at 698.
13   Because the defendants' acts prior to the application of
14   excessive force could have supported the conviction, the court
15   could not determine that the excessive force claim would
16   necessarily undermine his conviction.  Therefore, the court held
17   that summary judgment was not appropriate.  *Id.* at 699.

18        Based on these arguments, Plaintiff contends that his claims
19   are not barred by *Heck* because the record shows that his
20   conviction was based solely on his conduct prior to the shooting.
21   This argument is without merit.

22        In *Smith*, the Ninth Circuit carefully distinguished
23   convictions based on guilty pleas or pleas of no lo contendere
24   from convictions based on jury verdicts.

25   ///
26   ///
27   ///
28   ///

Where a defendant is charged with a single-act offense but there are multiple acts involved each of which could serve as the basis for a conviction, a jury does not determine which specific act or acts form the basis for the conviction. ... Thus, a jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would necessarily imply the invalidity of his conviction. ... However, where a § 1983 plaintiff has pled guilty or entered a plea of no lo contendere ... it is not necessarily the case that the factual basis for his conviction included the whole course of his conduct.

*Smith*, 394 F.3d at 699, fn.5 (internal quotations and citations omitted).  Because Plaintiff was convicted by a jury, that jury must have necessarily determined the lawfulness of Deputy Barnes' actions throughout the entire course of Plaintiff's conduct. Therefore, Plaintiff's claims of excessive force and deliberate indifference as to the application of unreasonable force would both imply the invalidity of Plaintiff's conviction.

Further, Plaintiff's argument that his conviction was based solely on actions occurring prior to the shooting is not compelling.  In support of this argument, Plaintiff cites this Court's previous Memorandum and Order on Defendants' Motion to Dismiss.  In that Order, this Court found some evidence that the Plaintiff's conviction was based on conduct prior to the shooting.  Namely, this Court referred to the prosecutor's statements to the jury that the jury should not consider whether excessive force was used.  While this Court found that evidence sufficient to overcome a motion to dismiss, standing alone it does not overcome a motion for summary judgment.

///

///

10

1    The jury was instructed that statements made by attorneys
2  are not evidence.  It is undisputed that the jury was presented
3  with evidence that Deputy Barnes shot the Plaintiff.  It is
4  undisputed that the jury was instructed that the People had the
5  burden of proving that the peace officer was engaged in the
6  performance of his duties.  Finally, it is undisputed that the
7  jury was instructed that "[a] peace officer is not engaged in the
8  performance of his duties if he ... uses unreasonable or
9  excessive force in making or attempting to make the arrest."  The
10 jury received evidence of the shooting, was instructed on
11 unreasonable and excessive force, and still convicted Plaintiff
12 of resisting arrest.  Pursuant to *Smith*, the jury must have
13 necessarily decided the lawfulness of Deputy actions throughout
14 the entire course of the arrest.  394 F.3d at 699, fn.5.

15    Plaintiff's first cause of action is against all Defendants
16 and alleges that Defendants used unreasonable and excessive force
17 in shooting Plaintiff.  Plaintiff's second cause of action is
18 against all Defendants and alleges Defendants were deliberately
19 indifferent as to a pattern and practice of the use of
20 unreasonable force.  The jury verdict convicting Plaintiff
21 necessarily determined that Deputy Barnes did not use
22 unreasonable or excessive force.  As such, success on either of
23 these claims would necessarily imply that Plaintiff's conviction
24 was invalid.  Therefore, these claims are barred by *Heck*.
25 ///
26 ///
27 ///
28 ///

Defendants have met their burden of establishing that Plaintiff's section 1983 claims are barred by *Heck*.  Because Plaintiff has failed to introduce evidence that his conviction was based solely on the conduct prior to the shooting, a verdict in his favor would necessarily impugn his prior conviction.  As such, summary judgment as to these claims is granted.

**2.  State claims.**

Plaintiff also asserts state law claims for battery and negligence against all Defendants.  Because summary judgment is being granted to all Defendants as to the federal claims, this Court may decline to exercise jurisdiction over the pendant state claims. 28 U.S.C. § 1367(c)(3).

These claims raise issues regarding California's extension of the *Heck* doctrine to tort claims, as well as issues of immunity under California's Government Code.  The proper forum for these issues is the California state court system. Therefore, the state claims are dismissed without prejudice.

///
///
///
///
///
///
///
///
///

1

**CONCLUSION**

2

3      Based on the foregoing, Defendants' Motion for Summary

4  Judgment is GRANTED as to the section 1983 claims for excessive

5  force and deliberate indifference.  The state law claims for

6  battery and negligence are dismissed without prejudice.[6]  The

7  Clerk of the Court is directed to close the file.

8      IT IS SO ORDERED.

9

Dated: September 26, 2007

10

11

12                              _____
                                MORRISON C. ENGLAND, JR.
13                              UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27     [6]Accordingly, Defendants' concurrently pending Motion to
    Strike Plaintiff's Disclosure of Expert Witness Information
28  and/or Impose Sanctions to Preclude Expert Testimony is hereby
    rendered moot.

13